IN THE CIRCUIT COURT OF THE
20TH JUDICIAL CIRCUIT COURT IN
AND FOR LEE COUNTY, FLORIDA

MAGDALENA M POTASH,

    Plaintiffs,

v.

MORGAN & MORGAN PA,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MAGDALENA M POTASH (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MORGAN & MORGAN PA., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees and costs pursuant to the Americans with Disabilities Act As Amended ("ADAAA").

2. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Americans with Disabilities Act of 1990 42 U.S.C. § 12111, *et seq*. ("ADAAA"), as amended, to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff.

3. This is also an action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA").

4. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction). Declaratory, injunctive,

1

legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

5. Plaintiff continues to be, a resident of Punta Gorda, Charlotte County, Florida.

6. Plaintiff was an employee of Defendant, performing duties in Lee County, Florida for the offices of Morgan & Morgan located at 12800 University Drive, Suite 600, Fort Myers, FL 33907

7. Defendant was a "person" and/or an "employer" pursuant to 42 U.S. Code § 2000e subsection (b) Which states: "The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . ."

8. Defendant is a "person" within the purview of the 42 U.S. Code § 2000e subsection (a) which states: :(a)The term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers"

9. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S. Code § 2000e subsection (f) as she worked for Defendant during the relevant time periods discussed below.

10. Defendant is a covered employer under the ADA for the reasons stated above.

11. Plaintiff is a covered employee per the ADA.

12. Venue is proper in Lee County because all of the actions complained of herein occurred within the jurisdiction of Lee County.

13. Plaintiff filed a timely charge of discrimination with the EEOC on or about January 19, 2022 and charge number 510-2021-04837 was assigned. [**EXHIBIT A**]

14. A Right to Sue Issued on February 12, 2025 after an extensive investigation and a cause finding issues. This complaint is therefore Timely filed as it is filed within 90 days of the right to sue letter being issued. This document was also copied by the EEOC to Lara Wood and Luis Santos at the addresses listed on the NRTS attached hereto as Exhibit B but also was copied to their attorneys at Ford & Harrison LLP in Tampa, Florida. Defendant is in possession of the Charge of Discrimination as well as the Notice of Rights to Sue, position statements, rebuttals and extensive evidence which was disclosed through the investigation process with the EEOC. [**EXHIBIT B**]

15. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff was employed by Defendant from January 7, 2013 through April 16, 2021 initially as a legal secretary and later promoted to Legal Assistant. Plaintiff earned about $24 per hour.

17. Plaintiff was always able to perform the essential functions of her job without accommodation and was given 42 hours of work per week in order to complete all of her tasks.

18. Within the prescribed period of time before the EEOC charge was filed, Defendant started to decrease her hours and in crease her workload.

19. Plaintiff documented these issues in writing and was immediately reprimanded and retaliated against emotionally.

20. As a result of defendant's emotionally abusive and aggressive tactics Plaintiff suffered from a severe panic attack and high blood pressure.

21. Defendant instructed Plaintiff to see a psychiatrist. Defendant recommended a psychiatrist that was retained by the defendant's law firm for case work as Defendant is the Largest Law Firm in the Universe.

22. Plaintiff was diagnosed with ADD and Anxiety to which Defendant was informed by Plaintiff with no response or assistance.

23. These conditions are ADA qualified disabilities for which accommodations were requested and denied to Plaintiff.

24. In further retaliation against Plaintiff, Defendant comingled medical records in Plaintiff's personnel file which improperly allowed her private and confidential HIPPA information to be disclosed to individuals which had no right to see them. This is outlined in the EEOC investigation.

25. Immediately after this, COVID forced employees to all start working from home.

26. While working from home, Plaintiff began to experience extensive computer issues and issued over 52 complaints to the IT Department and she was ignored, not assisted and her overtime was cut.

27. Defendant acknowledged to Plaintiff that her issues were worse than and more extensive than other employees of Morgan and Morga PA as she was being micromanaged and other computers were using her computer resources which slowed and glitched her computer access.

28. Plaintiff was assigned a larger caseload than other younger employees. One of these employees was Christine Hika who was 35 years old. Plaintiff born in 1963 making her just short of 60 years at the time of the incident.

29. Plaintiff complained to defendant about the issues above and workload and was told she could come into the building and work on the weekends but was not permitted overtime. As such, Defendant was essentially telling plaintiff she had to work overtime but would not be paid.

30. Plaintiff complained about this to Defendant, it was reported to HR and then Defendant retaliated by having a co-worker rummage through her desk and also allegedly had someone try to break into her vehicle. A police report was filed in regard to this situation.

31. Shortly after Plaintiff complained that she was going to document her extensive workload that was excessive compared to her comparators, she was written up and put on a performance plan and 75 day probation. Plaintiff refused to sign the performance plan as it was retaliatory and pretextual and fabricated.

32. After the 75 day probation period was completed and plaintiff had worked extensive amounts of overtime that Defendant failed to pay her of or acknowledge, she was put on another 90 day probation period.

33. Defendant, in retaliation for her complaints of disparate treatment due to her psychiatric disability and age, and after her probationary periods, attempted to force Plaintiff to resign from work. This is nothing other than a constructive termination situation. Plaintiff refused and as such, the harassment and abuse escalated.

34. Defendant then significantly increased her caseload by over 20 cases in January of 2021 and eventually defendant was successful in getting Plaintiff's resignation through their constructive termination process.

35. Plaintiff noted her last day of work to be on April 25, 2021 when she but she was constructively discharged by Tara Register on April 12, 2021. Others involved include Bart Zadel, Tara Register and Randal Thomas.

36. Plaintiff timely filed a Charge of Discrimination on January 19, 2025, within 300 days of her retaliation and constructive termination and Plaintiff suffered extensive worsening of her psychiatric, financial and personal life as s result of Defendant's illegal behavior and treatment of her.

37. The EEOC issued a letter of determination on or about July 1, 2024 wherein they stated, " . . . The Commission concludes that the evidence obtained in the investigation establishes reasonable cause to believe Respondent discriminated against a class of employees, in clouding Charging Party, from January 2021 to the present, based on their disability. Further, the evidence establishes a reasonable cause to believe Respondent also retaliated against the class of employees when they were denied a reasonable accommodation and some, including Charging Party, were also discharged and/or constructively discharged, in violation of the ADA. Furthermore, the Commission finds that Respondent failed to maintain the confidentiality of employee medical information by commingling medical and personnel information in accordance with the Commission's Procedural Regulations (29 C.F.R., Section 1630.14), in violation of the ADA." As such, Plaintiff has requested a complete copy of the EEOC file. Investigator Edras Regisme was assigned to this case.

38. Plaintiff has issued a FOIA Request No. 510-2025-007946 which remains pending but since this complaint must be filed prior to receipt of those records, they will be provided during discovery immediately upon receipt.

39. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion and had been commended for same by Defendant.

40. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination and retaliation on the basis of her disability and age; throughout Plaintiff's employment she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times Plaintiff did perform her job at satisfactory or above-satisfactory levels

41. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
*Disability Discrimination in Violation of the ADA against*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 above as if set out in full herein.

43. Plaintiff is a member of a protected class under the ADA as described above in Paragraphs 21 through 24 above.

44. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

45. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel (including Human Resources)

were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

48. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

51. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in violation of the ADA*

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 of this complaint as if set out in full herein.

54. Plaintiff is a member of a protected class under the ADA.

55. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

56. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination

on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

57. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    s. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    t. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    u. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    v. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    w. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    x. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Age Discrimination in Violation of the ADEA*

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-41 above as if set out in full herein.

62. Plaintiff is a member of a protected class under the ADEA as she is over 40 years old.

63. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

64. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty, in fact, over 55.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

67. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

68. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

69. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

70. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

71. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

y. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

z. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

aa. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

bb. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

cc. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

dd. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: April 28, 2025

Respectfully submitted,

*/s/ Daniel H. Hunt, Esq.*

Daniel H. Hunt, Esq.
Florida Bar No.: 121247
PO BOX 565096
Miami, FL 33256
dhuntlaw@gmail.com
Telephone: (305) 495-5593
Facsimile: (305) 513-5723

Attorney for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 510-2021-04837 |

_____ and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Magdalena M. Potash | | 1963 |

Street Address _____ City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Morgan & Morgan, P.A. | 15 - 100 | (239) 433-6880 |

Street Address: 12800 University Drive, Suite 600 Fort Myers, Florida 33907

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-16-2021    Latest: 04-16-2021

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am a disabled 58-year-old female. I began working for the above-named Respondent on Janaury 7, 2013, as a Secretary. I was later promoted to a Legal Assistant position. During my tenure, I performed my job with execellent reviews every year. I was able to perform the essential functions of my job without accommodation, but I always had approximately 2+ hours added to my 40 hour week to complete my jobs. I was subjected to different terms and conditions of employment wherein my hours decreaseed and my cases increased. I wrote an email complaining that I needed help the job was becoming overwhelming for me and I needed additional time. Respondent was angy I put my complaint in writing, he wanted to know why I did this. I was very upset, Days later, I was taken to the hospital from work for a severe panick attack/high blood pressure. Respondent suggested I go to see a Psychiatrist which we were using for our cases, wherein I was diagnosed with ADD as well as Anxiety. I informed my boss of my diagnosis, but received no response for help. Then COVID hit and all of us started working from home, computer issues were so bad for me, I was ordered to work back in the office, but even when I returned to the office, my computer issues continued. I had over 52 complaints to our IT Dept. but I was told it did not matter, I was to get my job done within the 40 hour week and now there would be NO overtime approved for me as well. I was continuously going down daily and having corrupted files. I sent several complaints to our IT Department, I was constantly ignored by HR and bosses. IT Department was beside themselves with some of my issues, they agreed it was happening to me more frequently than others and they constantly kept trying to switch my servers to increase my speed but, I had other desktops attached to my computer because I was being micromanaged and it slowed down my computer terribly as well. I was also treated less favorably compared to younger similarly situated employee when Respondent assigned

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 1/19/22    X *Magdalena M Potash*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2021-04837 |

and EEOC

*State or local Agency, if any*

more cases to me compared similarly situated younger employee. I complained to Respondent about the workload issues. The only resolution that respondent came up with was I could use my co-worker's access card into the building to try to work over the weekends to catch up but no overtime would be permitted. Other than that, no help was offered, I would have to come in and work off the clock because they were not going to pay me overtime and I was told that "they didn't want to know about it". I then notified Respondent that I was going to start journaling and taking pictures of the problems with my computer and the work that is being delegated to me because the computer issues were happening daily and my work load kept increasing. Once I informed Respondent of that, the very same week, one of my co-workers was found rummaging through my cubicle, when I asked what she was doing, she said she was looking for supplies. I reported this to the HR Department/Respondent and on the same day my car was damaged in the garage where someone tried prying open my driver door, I called and reported this to the police department and HR Department/Respondent, I have a police report. Nothing was ever said or done or brought up about it. I informed Respondent of my disabilities and the need to work at a slower pace as a form of accommodation, Respondent denied/ignored my requests. I was written up for poor work performance and put on 75 day probation. I refused to sign the poor work performance when Responsent knew about my computer problems, working at home due to covid issues, increase in workload, etc. After the 75 days was up, I was reviewed and although I was keeping up and doing everything requested, Respondent thought that I should be put on for another 90 days to just be sure I could really keep up with the work. When I complained, Respondent asked me to resign from my employment if I can't keep up with the job. I refused to resign, I said you can fire me but I am not quitting. Subsequently, Respondent began micromanaging me on my computer and had a camera put over top of my cubicle. No one would speak to me. I was given a case load of 20 cases in January of 2021 and my co-workers were 8 and 6 cases each. I finally went in and gave my two week notice on April 12, 2021. I gave up and couldn't take anymore. I told them my last day was to be on April 24, 2021. I was so sick to my stomach, I ended up calling in sick on April 15, 2021 and went to the doctor to find out that I did not have any insurance or flex coverage at that time that I was placed on COBRA already. I called my HR, Tara Register and she put me back on the health insurance, she said it was a mistake. However, the flex coverage company called me to tell me that I was only put back on the insurance until the next day, which was April 16, 2021. I returned to work on April 16, 2021 and I asked my HR person, Tara Register why did they only approve my health insurance, flex coverage until April 16th when my last day was suppose to be on April 21, 2021, again she said, oh another mistake, we are working on putting you back on. I told her that was ok, since you have me constructively discharged on April 12, 2021, then changed to April 16, 2021, I have had enough of being treated this way and I am done. I have given an accordance of all incidents, dates and details as best I can recall without the evidence sitting here in front of me. However, I can provide the evidence to substantiate my claims stated above.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 1/19/22   X *Margd Dony M Potash*
Date            Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 510-2021-04837 |

and EEOC

*State or local Agency, if any*

In addition, I found out that Respondent was trying to phase out our department because my boss was going to be retiring. I found out that the other two co-workers were placed in other positions within the company requested by my boss. One was remaining to close out the cases left, then would be place somewhere else. I believe I was being forced out of my position because they did not want to place me within the company after the phasing out due to my disabilities and age.

II. Respondent did not provide me legitimate non-discriminatory reason for employment actions taken.

III. I believe I was discriminated against because of disability in violation of Americans with Disabilities Act Amendments Act of 2008 and due to my age (58), in violation of the Age Discrimination in Employment Act of 1967, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

X 1/19/22
Date

X [signature]
Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

# CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/12/2025

**To:** Magdalena M. Potash

Charge No: 510-2021-04837

EEOC Representative and email:  EDRAS REGISME
Federal Investigator
edras.regisme@eeoc.gov

---

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2021-04837.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
02/12/2025

Evangeline Hawthorne
Director

**Cc:**
Lara Wood
MORGAN & MORGAN
12800 UNIVERSITY DR STE 600
FORT MYERS, FL 33907

Luis Santos
Morgan & Morgan
c/o Ford & Harrison 401 East Jackson Street, Suite 2500
Tampa, FL 33602


Please retain this notice for your records.